IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

HERBERT ANDERSON
    Plaintiff,
VS.

YASIR AMAWI et. al.
THE CITY OF EAST CLEVELAND, et. al.
EAST CLEVELAND POLICE DEPARTMENT
ARRESTING OFFICER, DET. KYLE
CUNNINGHAM, ALL TO BE SUED IN
THEIR INDIVIDUAL CAPACITIES AND
OFFICE OF CHIEF PROSECUTOR
WILLIAM MASON AND ASSISTANT
PROSECUTOR STEVE SZLEGAGIEVINCZ
    Defendants.

1:10CV1737

JURY TRIAL DEMANDED

JUDGE GAUGHAN

MAG. WHITE

**Preliminary Statement:**

This is a civil rights action filed by Herbert Anderson, a State prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging defamation, false arrest and malicious prosecution in violation of the 4th, 5th, 8th and 14th Amendments to the Unites States Constitution and confinement in the East Cleveland, Ohio Jail in violation of the Due Process Clause of the 4th, 5th, 8th and 14th Amendments to the U.S. Constitution. The Plaintiff also alleges the tort of negligence.

**Jurisdiction:**

(1) The plaintiff has not filed other civil actions in state or federal courts in the prior 5 years.

1

(2) The United States District court holds jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

(3) The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

(4) The plaintiff, Herbert Anderson, also referred to as complainant in this instant complaint, was arrested by East Cleveland Ohio Police on the 6th day of December, 2008 for violating statute R.C. 2929.01 by arresting officer (A), the defendant in this complaint.

(5) The plaintiff states that arresting officer (A) had no accompanying partner in this arrest.

(6) Detective Kyle Cunningham is an East Cleveland Police Department Detective who is identified in this complaint as Detective that processed this case.

(7) The defendants in this instant complaint are officers employed by the City of East Cleveland, Ohio and the East Cleveland Ohio Police Department. They are to be sued in their individual capacities and entities.

2

Parties:

    A. Name of plaintiff: Herbert Anderson
       Address:           940 Marion-Williamsport Road
                           Marion, Ohio 43301-0057

    B. Name of Defendant(s):

1. Yasir Amawi et. al.
   1270 Beach Avenue
   Lakewood, Ohio
       or
   Euclid Shaw Food Mart
   15237 Euclid Avenue
   East Cleveland, Ohio 44112

2. Arresting Officer
   East Cleveland Police
   14330 Euclid Avenue
   East Cleveland, Ohio 44112

3. Steve Szlegagieincz
   Assttant Prosecutor
   1200 Ontario Street
   Cleveland, Ohio 44113

4. Detective Kyle Cunningham
   East Cleveland Police Dept.
   East Cleveland, Ohio 44112

5. City of East Cleveland
   14330 Euclid Avenue
   East Cleveland, Ohio 44112

6. William Mason, Prosecutor
   1200 Ontario Street
   Cleveland, Ohio 44112

7. Chief of Police
   East Cleveland Police
   14330 Euclid Avenue
   East Cleveland, Ohio 44112

3

(8) Plaintiff has statute of limitation 1 year to file complaint, plaintiff allege disability of imprisonment which toll statute of limitation following conviction under Ohio Statute Austin v. Brammer, 555 F. 2d 142 (6th Cir.)(1990), Purdue Handleman, 6118 O.App. 2d 270 122 O.O. 3d 398, 429 N.E. 2d 165, Revised Code 2305.16 provides that if a person is imprison at time his cause of action occrues he may bring it within the respective time prescribed for that action after such disability is removed. The tolling provided these is not affected by plaintiff filing of other actions while under the same disability. Plaintiff was imprison by Wickliff Police Department on June 5, 2009.

(9) The plaintiff submits that arresting officer (A) is employed by the City of East Cleveland, Ohio and East Cleveland Ohio Police whose name is presently unknown to plaintiff, but shall reflect, or appear, on the booking sheet at the East Cleveland, Ohio, Jail and Police Department. He is also to be sued in his individual capacity.

(10) The City of East Cleveland and East Cleveland Police Department are entities as a whole shall be sued as defendant(s) in this complaint.

(11) The defendant(s) William Mason-Chief Prosecutor and Steve Szlegagievincz-Assistant Prosecutor are employed as Cuyahoga County Prosecutors by its offices in Cuyahoga County,

4

Ohio, shall be sued in their individual capacity.

(12) All defendant(s) have acted, and continue to act, under color of state law at all times relevant to this complaint.

(13) The defendant Yasir Amawi is employed at family business in the City of East Cleveland, Ohio. He shall be sued in his individual capacity.

### FACTS OF THIS COMPLAINT

On the 6th day of December, 2008, the plaintiff maintains that he was approached by arresting officer (A), with inquiry if plaintiff possessed weapons or drugs at approximately 1:15 AM, at Euclid and Burnette Avenues, in the City of East Cleveland, Ohio. The plaintiff did, indeed, inform officer (A) that he was not in possession of any weapons or drugs, and defendant officer (A) requested to do cursory pat down for weapon or drugs, which plaintiff consented. Afterward the officer (A) placed the plaintiff under arrest and hand-cuffed him on charge of aggravated robbery. East Cleveland Police Officer (A) wrongly and unlawfully and without warrant or other legal process and legal right, with force and arms compelled plaintiff to go from his secure place to Euclid Shaw Food Mart, where defendant Yasir Amawi and Leon May identified plaintiff, then conveyed plaintiff to East Cleveland Police Department depriving plaintiff of his 4th, 5th, 8th and 14th amendment Constitutional Rights to be

5

free from excessive and unreasonable restraint without probable cause, under color of law violating plaintiff's U.S. Constitutional rights and Title 42 U.S.C. Section 1983.

Count (1) On the 6th day of December, of 2008 at approximately 1:15 AM, defendant Yasir Amawi, by defamation made statements to East Cleveland Police Officer (A) and maliciously prosecuted plaintiff by making false statements to East Cleveland Police, Arresting officer (A), that he knew to be untrue. That is the proximate cause plaintiff was falsely imprisoned on December 6, 2008 in the City of East Cleveland Police Department Jail, East Cleveland, Ohio. When arresting officer came upon plaintiff at Euclid and Burnette Avenue, in East Cleveland, Ohio, where plaintiff was jailed and detained (5) days on false accusations intentionally made to East Cleveland Police, arresting officer (A), that defendant Yasir Amawi knew to be untrue.

Count (2) Heretofore, on 12/9/2008 at 1:30 PM, the defendants Yasir Amawi and Detective Kyle Cunningham went before Honorable Judge Sandra Walker, of East Cleveland Municipal Court and charged the plaintiff before the judge in a preliminary hearing with committing the crime of aggravated robbery, in having stolen nothing of value from defendant Yasir Amawi at Euclid Shaw Food Mart, procured a warrant to be issued by Judge Sandra Walker for the arrest of the plaintiff.

Count (3) Chief of East Cleveland Police Department permitted

6

employee Detective Kyle Cunningham to investigate and continue a prosecution of plaintiff without probable cause, and function without adequate training necessary at tall time to determine if probable cause exist to prosecute. Where defendant Detective Kyle Cunningham in performance of his duty would not violate plaintiff's civil rights, protected by the U.S. Constitution on the occasion mentioned in this complaint acting as such East Cleveland Police Detective Kyle Cunningham did wrongly and unlawfully charge plaintiff with aggravated robbery without due process and legal right or cause depriving plaintiff of his 4th, 5th, 8th and 14th Amendment right to be free from excessive and unreasonable restraint without due process and probable cause under color of state law in the City of East Cleveland, Ohio.

Count (4) Heretofore, Chief-Prosecutor William Mason, breached duty of reasonable care owed plaintiff in public prosecutor's performance, in state's presentation of case CR-09-519391-A. Where prosecution of plaintiff on charge of aggravated robbery, amount to dereliction of duty and negligence in the investigation and continued criminal prosecution of plaintiff, when it is known or obvious that charges are not supported by probable cause.

Count (5) The defendant Steve Szlegagiewicz implemented prosecution recklessly, intentionally, with gross negligence without due regard to law violating plaintiff's 4th, and 14th

7

Amendment Rights under color of state law, while Assistant Prosecutor Steve Szlegagievincz should have known prosecution of plaintiff was without probable cause. This prosecution occurred within the jurisdiction of Cuyahoga County, before an impaneled jury on May 4, 2009, in the Court of Kathleen Ann Sutula. After state's presentation of case CR-09-519891-A by Steve Szlegagiewicz plaintiff was then and there acquitted and discharged, and thereby, the prosecution was wholly terminated.

### CLAIM(s) FOR RELIEF

The action taken by defendant Yasir Amawi in deprivation of plaintiff's protected constitutional rights without cause, need or provocation in the unlawful acts of defendant as described above constitute denial of due process, cruel and unusual punishment, equal protection of the law and probable cause in violation of plaintiff's 8th and 14th Amendments of the United States Constitution, subjecting plaintiff to great indignity, humiliation, pain and suffering of mind and body constitutes the tort of negligence under the <u>State of Ohio Revised Code 2744.02 and Title 42 U.S.C., Section 1983.</u>

Defendant City of East Cleveland Director(s) deprivation of plaintiff's protected constitutional rights without probable cause is proximate cause, director(s) acquiesced in the unlawful acts of defendant(s), as described above and tolerated such acts, without honest and aggressive duty owed to investigate

8

thus defendant-director(s) of East Cleveland officials perceived the foreseeable result that employees (officer's) will and do commit unwarranted arrests while functioning in the course and scope of their duties constitutes denial of due process, cruel and unusual punishment, equal protection of the law and probable cause in violation of 4th, 8th and 14th Amendments of the United States Constitution.

Defendant Chief of East Cleveland Police Department permitted deprivation of plaintiff's protected constitutional rights without probable cause need or provocation in the unlawful acts of defendant(s) Arresting Officer (A) and Detective Kyle Cunninhgham (B), as described above and tolerated such acts, without honest and aggressive duty owed to investigate, thus defendant Chief of East Cleveland Police Department defendant permitted employees (officers) to commit unwarranted arrests while functioning in their course and scope of duties constitute denial of due process, cruel and unusual punishment, equal protection of the law and probable cause in violation of the 5th, 8th and 14th Amendments of the United States Constitution, to subject plaintiff to great indignity, humiliation pain and suffering of mind and body constitutes the tort of negligence under the State of Ohio, Ohio Revised Code 2744.02 and Title 42 U.S.C., Section 1983.

Defendant Arresting Officer (A) committed deprivation of plaintiff's protected constitutional rights without probable

9

cause need or provocation as described above committed on December 6, 2008 when defendant subject plaintiff to great indignity, humiliation, pain and suffering of mind and body constitute the tort of negligence under the State of Ohio, <u>Ohio Revised Code 2744.02 and Title 42 U.S.C., Section 1983</u>. The failure of East Cleveland Police Officer (A) not to overstep his authority described above is a violation of plaintiff's right to be free from unwarranted and excessive and unreasonable restraint without probable cause, in the performance and scope of his authority as an East Cleveland Police Officer and constitute the tort of negligence under the law of Ohio and United States Constitution.

Defendant East Cleveland Detective Kyle Cunningham did wrongly, unlawfully continued and investigated charge of aggravated robbery without due process or cause depriving plaintiff of his 5th and 14th amendment right to be free from excessive and unreasonable restraint without due process under color of state law in the City of East Cleveland, Ohio.

Defendant Chief-Prosecutor William Mason breached duty of reasonable care owed plaintiff as public prosecutor's performance, in prosecution of Case No.: CR-09-519891-A amount to dereliction of duty and negligence in the investigation and continued criminal prosecution of plaintiff, when it is known or obvious that charges are not supported by probable cause.

Defendant Assistant Prosecutor Steve Szlegagiewicz implemented prosecution recklessly, intentionally, with gross negligence without due regard to law violating plaintiff's 4th and 14th amendment rights under color of state law, while Assistant Prosecutor Steve Szlegagiewicz should have known prosecution of plaintiff was without probable cause. Before impannelled jury on May 4, 2009, where plaintiff was then and there acquitted and discharged, and thereby the prosecution was wholey terminated.

The failure of Chief of East Cleveland Police Department and/or Directors to adequately train its employees at all times, to determine if probable cause exists to prosecute denied plaintiff of his protected constitutional rights and contributes to the proximate cause of injuries, violates the plaintiff's 4th, 5th, 8th and 14th amendment rights.

The failure of East Cleveland Police officer (A), not to over-step his authority described above is a violation of plaintiff's right(s) to be free from unwarranted and excessive and unreasonable restraint without probable cause, in the performance and scope of his authority as an East Cleveland, Police officer and constitutes the tort of negligence under the law of Ohio and United States Constitution.

## RELIEF REQUESTED

Wherefore, plaintiff requests that this Court grant the following relief:

A. Issue a declatory judgment stating that:

(1) The arrest of plaintiff violated the plaintiff's rights under the 4th, 5th, 8th and 14th amendments to the United States Constitution and constitutes negligence.

(2) Defendants in this instant complaint failed to adequately safeguard plaintiff's protected 8th amendment constitutional right to be free from cruel and unusual punishment, and excessive use of authority, in their performance and scope of authority under color of state law, violating the plaintiff's rights under the 4th, 5th, 8th and 14th amendments to the United States Constitution.

B. Award compensatory damages in the following amounts:

(1) $300,000.00 jointly and severally against defendants arresting officer (A) and Yasir Amawi for mental and physical injuries sustained as a result of the plaintiff's false arrest, confinement and malicious prosecution.

(2) $300,000.00 jointly and severally against defendant(s) for failure to train resulting in their denial of providing the plaintiff with the rights protected by United States Constitution.

(3) Award punitive damages in the following amounts:

(1) #300,000.00 each defendant.

(4) Grant such relief as it may appear that plaintiff is entitled.

*Herbert Anderson*, *August 1*, 2010.

Respectfully submitted
940 Marion-Williamsport Road,
Marion, Ohio 43301-0057