UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HERBERT ANDERSON, | ) | CASE NO. 1:10 CV 1737 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| YASIR AMAWI, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Herbert Anderson filed this action under 42 U.S.C. § 1983 against Euclid Shaw Food Mart Store Employee Yasir Amawi, the City of East Cleveland, the East Cleveland Police Department, East Cleveland Police Officer John Doe, East Cleveland Police Detective Kyle Cunningham, Cuyahoga County Prosecutor William Mason, and Cuyahoga County Assistant Prosecutor Steve Szlegagievincz. In the Complaint, Plaintiff alleges he was arrested and prosecuted unfairly for aggravated robbery. He seeks monetary relief.

Mr. Anderson also filed a Motion for Leave to file an Amended Complaint. [ECF #5] The pleading he attaches supplements rather than amends his original Complaint. Although he is proceeding *pro se*, the only claim he seeks to add is a request for attorney fees under 18 U.S.C. §3006A. The statute cited by Mr. Anderson was amended by PL 111-174 on May 27, 2010. It provides for appointment of counsel in federal criminal proceedings. The statute is not applicable

in this *pro se* civil action. The Motion for Leave to File an Amended Complaint [ECF #5] is denied.

## Background

Mr. Anderson was arrested on December 6, 2008 by East Cleveland Police Officer John Doe and charged with aggravated robbery and tampering with evidence. He was approached by the officer at 1:15 a.m. at the intersection of Euclid Avenue and Burnette Avenue. Mr. Anderson told the officer he was not in possession of drugs or weapons. The officer asked for permission to conduct a pat down and he consented. Mr. Anderson was then arrested and transported to the Euclid Shaw Food Mart where he was identified by Yasir Amawi and Leon May as the man who robbed the store. He claims his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated.

Mr. Anderson was arraigned in the East Cleveland Municipal Court on December 9, 2008. He requested a preliminary hearing which was held on December 11, 2008. Yasir Amawi and East Cleveland Police Detective Kyle Cunningham were called to testify against Mr. Anderson. Probable cause was found by East Cleveland Judge Sandra Walker. Mr. Anderson was bound over to the grand jury. An indictment on the charge of aggravated robbery was filed on January 15, 2009. Mr. Anderson entered a plea of "not guilty" on January 21, 2009 in the Cuyahoga County Court of Common Pleas. The matter went to trial by jury on May 4, 2009. At the conclusion of the State's case, the Defendant's Motion for Acquittal pursuant to Ohio Criminal Rule 29 was granted and Mr. Anderson was released.

Mr. Anderson lists five counts for relief in his Complaint. In Count One, he contends the Defendants engaged in malicious prosecution. In Count Two, he states Mr. Amawi and Detective

-2-

Cunningham testified at his preliminary hearing. He doesn't specify a legal claim in this Count. In Count Three, he asserts the East Cleveland Police Chief allowed Detective Cunningham to continue to investigate his case. He asserts in Count Four that Cuyahoga County Prosecutor William Mason improperly permitted his Assistant to proceed with a prosecution when there was no probable cause for the charges. In Count Five, he claims the Assistant Cuyahoga County Prosecutor recklessly proceeded with the prosecution. In addition, Mr. Anderson includes generalized claims of Due Process, Eighth Amendment, and Equal Protection violations.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

**<u>Private Parties</u>**

Mr. Anderson brings this action under 42 U.S.C. § 1983. To establish a *prima facie* case

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Mr. Amawi is a private party, not a government official.

A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Private parties are not acting under color of state law merely by participating as complainants or witnesses in state criminal actions. *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009); *see Briscoe v. La Hue*, 460 U.S. 325 (1983); *Hernandez v. Schwegmann Brothers Giant Supermarkets, Inc.*, 673 F.2d 771 (5th Cir. 1982); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978). There are no allegations in the Complaint that suggest Yasir Amawi can be considered a state actor for purposes of §1983.

**Prosecutors**

The Complaint also contains claims against two Cuyahoga County Prosecutors. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518,

-4-

525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the state's attorney. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). In this case, the challenged actions of Cuyahoga County Prosecutor William Mason and Cuyahoga County Assistant Prosecutor Steve Szlegagievincz were all intimately associated with the judicial phase of Mr. Anderson's prosecution. Consequently, these defendants are entitled to absolute immunity.

### **Respondeat Superior**

In addition, Mr. Mason and the East Cleveland Police Chief are named as defendants simply because they supervise others named in the Complaint. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability, therefore, must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* In order for liability to attach to Mr. Mason and the Chief of Police, Plaintiff must allege that they did more than play a passive role in the alleged violations or show

mere tacit approval of the actions of others. *Id*. He must show that these supervisors somehow encouraged or condoned the actions of their employees. *Id.*; *see Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the Complaint that indicate Mr. Mason or the Chief of Police actively participated in the conduct giving rise to Mr. Anderson's claims.

Mr. Anderson also names the City of East Cleveland and the East Cleveland Police Department as Defendants. As an initial matter, Police Departments are not *sui juris* and therefore cannot sue or be sued. *See Nieves v. City of Cleveland*, No. 03-4000, 2005 WL 2033328 at *1 n.1 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997)*; Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). They are merely sub-units of the municipalities they serve. *Nieves*, No. 03-4000, 2005 WL 2033328 at *1 n.1. Mr. Anderson's claims against the East Cleveland Police Department are therefore redundant, because they are subsumed by his claims against the City of East Cleveland.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy of the City of

East Cleveland which may have resulted in the deprivation of a federally protected right of the plaintiff.

### **Federal Civil Procedure Rule 8**

Mr. Anderson's generalized claims for denial of due process, equal protection, and Eighth Amendment rights also fail to meet the pleading standard of Rule 8. There are no facts alleged in the Complaint that explain or support these claims. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard *Id.* Mr. Anderson's Due Process, Equal Protection and Eighth Amendment claims are stated entirely as legal conclusions. Legal conclusions alone will not satisfy Rule 8. *Id.*  These claims must also be dismissed.

### **Malicious Prosecution**

A malicious prosecution claim is cognizable under § 1983 as a Fourth Amendment violation. To establish a *prima facie* case for a malicious prosecution claim under § 1983, a Plaintiff must set forth four elements. First, the Plaintiff must show that a criminal prosecution was initiated against him and that the Defendants made, influenced, or participated in the decision to prosecute. *Sykes v. Anderson*, Nos. 08-2088/2090/2118, 2010 WL 4453313, slip op. at *10 (6th Cir. Nov. 9, 2010). To be liable for "participating" in the decision to prosecute, the officer must act in a way that aids in the decision, as opposed to passively or neutrally participating in the

process. *Id.; see Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001). Second, the Plaintiff must show that there was a lack of probable cause for the criminal prosecution. *Id.*; *Fox*, 489 F.3d at 237. Third, the Plaintiff must show that, "as a consequence of a legal proceeding," the Plaintiff suffered a "deprivation of liberty," apart from the initial seizure. *Sykes,* Nos. 08-2088/2090/2118, 2010 WL 4453313, at *10; *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007); *see Gregory v. City of Louisville*, 444 F.3d 725, 748–50 (6th Cir. 2006) (discussing the scope of "Fourth Amendment protections . . . beyond an initial seizure," including "continued detention without probable cause"). Fourth, the criminal proceeding must have been resolved in the Plaintiff's favor. *Sykes,* Nos. 08-2088/2090/2118, 2010 WL 4453313, at *10; *see Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

The Plaintiff must first allege that Officer Doe and Detective Cunningham made, influenced, or participated in the decision to initiate a criminal prosecution against him. He asserts that Officer Doe approached him at 1:15 a.m. on the corner of Burnette Avenue and Euclid Avenue in East Cleveland, and arrested him for a robbery that took place a few blocks away at the Euclid Shaw Food Mart on Euclid Avenue in East Cleveland. Officer Doe took Mr. Anderson to the Euclid Shaw Food Mart where Yasir Amawi and Leon May identified him as the man who robbed them. He was taken to jail by Officer Doe. There are no other allegations that suggest Officer Doe participated or aided in the decision to prosecute Mr. Anderson. The claim against Officer must therefore be dismissed.

Mr. Anderson alleges Detective Cunningham "did wrongly and unlawfully charge plaintiff

-8-

with aggravated robbery..." but includes no allegations to illuminate the role he played in the process to satisfy the requirement of making, influencing or participating in the decision to prosecute. (Compl. at 7.) Again, to meet the pleading standard of Rule 8, the Complaint must include some allegations showing the Plaintiff is entitled to relief. *Iqbal*, 129 S.Ct. at 1949. It is not sufficient to merely allege the "the Defendant harmed me." *Id.* Even liberally construed, there is no indication that Detective Cunningham participated in or influenced the decision to charge Mr. Anderson.

Moreover, even if the Complaint could be construed as alleging that Detective Cunningham or Officer Doe participated in the charging process, an intervening preliminary hearing and grand jury indictment further removed the officers from the ultimate relevant decision to prosecute. After a preliminary hearing on the charge during which the victim presented testimony identifying the Plaintiff as the perpetrator, East Cleveland Municipal Court Judge Sandra Walker found probable cause to bind over the aggravated robbery charge to the Grand Jury. The Grand Jury returned an indictment on January 15, 2009. Even if it could be argued that Mr. Anderson's arrest was wrongful, "the chain of causation" for a malicious prosecution claim is "broken by an indictment absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Sykes*, Nos. 08-2088/2090/2118, 2010 WL 4453313, at *15 (quoting *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996)); *see Taylor v. Meacham*, 82 F.3d 1556, 1563–64 (10th Cir. 1996). In other words, the State's finding of probable cause will not absolve an officer of liability if a judicial determination of probable cause was premised on a defendant's own material misrepresentations to the court. *Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006).

There are no allegations in the Complaint indicating Officer Doe or Detective Cunningham deceived the court. In order to establish that a testifying officer was responsible for commencing a criminal proceeding for purposes of a malicious prosecution claim, the Plaintiff must show that the Defendants "stated a deliberate falsehood or showed reckless disregard for the truth [at the hearing] and that the allegedly false or omitted information was material to the [court's] finding of probable cause." *Id.* In the present case, Mr. Anderson claims the victims falsely accused him of the crime. He does not allege that either the arresting officer or Detective Cunningham made false or misleading statements at the hearing to influence or otherwise pressure Judge Walker or the Cuyahoga County Grand Jury to find probable cause to indict Mr. Anderson. Consequently, these defendants cannot be said to have participated in the decision to pursue Mr. Anderson's prosecution. In addition, there is nothing in the Complaint to suggest the finding of probable cause by the State was invalid. The State determined that probable cause existed to continue the prosecution at both a preliminary hearing and a grand jury proceeding. Aside from stating that the victims of the crime were incorrect in their identification of him as the perpetrator, Mr. Anderson has not alleged any facts to indicate there was no probable cause to support his indictment. Because he cannot show the absence of probable cause, Mr. Anderson cannot demonstrate any seizure in violation of the Fourth Amendment.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

-10-

faith.[2]

        IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              UNITED STATES DISTRICT JUDGE

Dated: 12/1/10

---

[2]   28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.